# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:10cv222-RJC

| | |
|---|---|
| KASEAN DAMONT BRYSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **NOTICE AND ORDER** |
| ) | |
| SIDNEY HARKLEROAD, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court upon Respondent's Motion to Dismiss pursuant to 28 U.S.C. §2244(d)(1). (Doc. No. 8). Respondent contends that Petitioner's Petition for Writ of Habeas Corpus is untimely. (Id.).

A review of the record reflects that on November 15, 2007, Petitioner was convicted in the Superior Court of Buncombe County of first degree murder, possession of a firearm by a felon, and two counts of assault with a deadly weapon. State v. Bryson, 672 S.E.2d 782 (N.C. App. 2009) (unpublished). He appealed, and on February 3, 2009, the North Carolina Court of Appeals issued an opinion finding no prejudicial error. Id. On June 17, 2009, the North Carolina Supreme Court denied discretionary review, by order witnessed June 25, 2009. (Doc. No. 10, Ex. 3). Petitioner did not petition for discretionary review in the United States Supreme Court.

On August 17, 2010, an attorney with Prisoner Legal Services filed a notice of appearance of counsel stating that she was investigating Petitioner's case. (Id., at Ex. 14). On September 8, 2010, Petitioner filed a *pro se* Motion for Appropriate Relief ("MAR") in the

Superior Court of Buncombe County. (Id., at Ex. 15). On September 24, 2010, the MAR court denied the MAR on procedural grounds, stating that "the Defendant is represented by counsel and Defendant cannot file a motion on his own behalf while represented by counsel[.]" (Id. at Ex. 16). Petitioner dated his *pro se* federal habeas application form October 2, 2010 and filed it in this Court on October 5, 2010. (Doc. No. 1).

The Antiterrorism and Effective Death Penalty Act (the "AEDPA") imposes a one-year statute of limitations period for the filing of a petition for writ of habeas corpus. Specifically, the AEDPA provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2244(d)(1).

Here, Petitioner's conviction and sentence became final on or about September 23, 2009, the expiration date of the 90-day period during which he could have filed a certiorari petition in the Supreme Court. Clay v. United States, 537 U.S. 522 (2003). Therefore, absent statutory or equitable tolling, Petitioner had until September 23, 2010 in which the file a petition for writ of habeas corpus in federal court. See e.g. § 2244(d)(2) (providing for statutory tolling of the time

during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending) (emphasis added).

The Fourth Circuit has directed district courts to warn pro se petitioners prior to dismissing their habeas claims as untimely where the government has not filed a motion to dismiss based on the limitations period. Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). In this case, Respondent has filed a motion to dismiss based on the limitations period, arguing that Petitioner's pro se MAR was not properly filed in state court and, therefore, did not toll the statute of limitations. Petitioner will be given an opportunity to respond.[1]

The Court notes that Respondent also has filed a Motion for Summary Judgment in this case. (Doc. No. 9). At this point, Petitioner is to respond only to the statute of limitations arguments raised in Respondent's Motion to Dismiss (Doc. Nos. 8 & 10). Should the Court determine that the Petition for Writ of Habeas Corpus is timely, Petitioner will be given an opportunity to respond to the arguments raised in Respondent's Motion for Summary Judgment. See Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

**IT IS, THEREFORE, HEREBY ORDERED** that:

1. Within fifteen (15) days of the date of this Order, Petitioner shall file a document explaining why the instant motion should be construed as timely filed. **FAILURE TO FILE A DOCUMENT EXPLAINING WHY THE INSTANT PETITION SHOULD BE CONSTRUED AS TIMELY FILED WILL RESULT IN DISMISSAL OF THE**

---

[1] Petitioner completed the current §2254 form available to inmates. However, he did not answer Question # 18, which asks the petitioner to address the timeliness of the petition if it is filed more than a year after the conviction became final. It appears from the Petition that Petitioner believes it to have been timely filed.

**PETITION FOR WRIT OF HABEAS CORPUS**.

2. The Clerk shall send a copy of this Order to the Petitioner.

**SO ORDERED.**

Signed: January 28, 2011

Robert J. Conrad, Jr.
Chief United States District Judge