# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:10cv222-RJC

| | |
|---|---|
| KASEAN DAMONT BRYSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>SIDNEY HARKLEROAD, )<br>)<br>Respondent. )<br>_____) | ORDER |

**THIS MATTER** is before the Court upon Petitioner's Motion for Leave to Conduct Discovery (Doc. No. 17) and Motion for Appointment of Counsel (Doc. No. 18).

A review of the record reveals that Petitioner was found guilty on November 14, 2007, in Buncombe County, North Carolina, of one count of first degree murder, two counts of assault with a deadly weapon, and one count of possession of a firearm by a convicted felon. State v. Bryson, 672 S.E.2d 782 (N.C. App. 2009) (unpublished). Additionally, Petitioner pled guilty to having attained the status of an habitual felon. Id. He was sentenced accordingly. Id.

On October 2, 2010, Petitioner signed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, which was filed in this Court on October 5, 2010. (Doc. No. 1). On January 26, 2011, Respondent filed a Motion to Dismiss on statute of limitations grounds (Doc. No. 8) and a Motion for Summary Judgment (Doc. No. 9). The Court issued a Notice and Order giving Petitioner 15 days in which to respond to Respondent's Motion to Dismiss. (Doc. No. 14). On February 4, 2011, Petitioner filed a response and the two above-referenced Motions.

Petitioner cites two grounds for seeking discovery. He first alleges that the State planted

evidence – eight cigarette butts, some containing Petitioner's DNA – in the Honda that Petitioner drove on the night of the murder. According to Petitioner, the State presented evidence at trial that the cigarette butts were found in the front ashtray of the car. Petitioner asserts, however, that he has photographic evidence that there is no front ashtray in that car. Petitioner also states that he has "been informed" that the State possesses exculpatory evidence in the form of "Crime Stopper" reports that support his contention that another man committed the murder.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Discovery is granted only for "good cause." Rules Governing § 2254 Cases in the United States District Courts, Rule 6(a), 28 U.S.C.A. foll. § 2254.. A petitioner must make specific allegations establishing reason to believe that, if the facts are fully developed, he is entitled to relief. Bracy, 520 U.S. at 908-09 (citation omitted). Moreover, "Rule 6 does not 'sanction fishing expeditions based on a petitioner's conclusory allegations.'" Williams v. Bagley, 380 F.3d 932, 974 (6th Cir. 2004) (quoting Rector v. Johnson, 120 F.3d 551, 562 (5th Cir. 1997)).

Here, Petitioner fails to establish good cause to warrant discovery. With respect to the allegation of planted evidence, Petitioner fails to identify what he wishes to discover. Rule 6(b), 28 U.S.C..A. foll. § 2254. He already claims to have evidence that it was impossible for cigarette butts to have been found in the front ashtray of the car. Furthermore, even if he was granted some sort of discovery, Petitioner has failed to show that he would be entitled to relief based on whatever it is he might find. Bracy, 520 U.S. at 908-09. For example, Petitioner does not contend that the "planted" evidence was the only evidence used to place him in the car on the night of the murder. Additionally, Petitioner's assertion that exculpatory "Crime Stopper" reports exist simply is too speculative and conclusory to constitute good cause . See Bagley, 380

F.3d at 974 ("Rule 6 does not sanction fishing expeditions[.]") (citation and internal quotation marks omitted). Therefore, Petitioner's Motion for Leave to Conduct Discovery will be denied.

As for Petitioner's Motion for Appointment of Counsel, there is no Sixth Amendment right to counsel in habeas corpus actions. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). However, a court may provide counsel for an indigent inmate in habeas corpus proceedings if it "determines that the interests of justice so require." 18 U.S.C. § 3006A(2)(B). The Fourth Circuit has limited the appointment of counsel to cases where "exceptional circumstances" exist, such as when a case is particularly complex or a litigant is unable to represent himself adequately. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir.1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for Southern Dist. of Iowa, 490 U.S. 296 (1989).

The Court does not perceive issues of great legal complexity in this case. Furthermore, it is clear from the petition and additional pleadings that Petitioner is able to represent himself adequately in this matter. Petitioner's Motion for Appointment of Counsel will be denied.

**IT IS, THEREFORE, HEREBY ORDERED** that:

1. Petitioner's Motion for Leave to Conduct Discovery (Doc. No. 17) is **DENIED**; and

2. Petitioner's Motion for Appointment of Counsel (Doc. No. 18) is **DENIED**.

Signed: February 11, 2011

Robert J. Conrad, Jr.
Chief United States District Judge