IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:10cv222-RJC

| | |
|---|---|
| KASEAN DAMONT BRYSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| SIDNEY HARKLEROAD, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon Petitioner's Motion for Reconsideration (Doc. No. 28), Motion to Amend (Doc. No. 29), and Motion to Submit Documents (Doc. No. 30).

**I.    PROCEDURAL HISTORY**

A review of the record reflects that on November 15, 2007, Petitioner was convicted in the Superior Court of Buncombe County of first degree murder, possession of a firearm by a felon, and two counts of assault with a deadly weapon. State v. Bryson, 672 S.E.2d 782 (N.C. Ct. App. 2009) (unpublished). He appealed, and on February 3, 2009, the North Carolina Court of Appeals issued an opinion finding no prejudicial error. Id. On June 17, 2009, the North Carolina Supreme Court denied discretionary review, by order witnessed June 25, 2009. (Doc. No. 10, Ex. 3). Petitioner did not petition for discretionary review in the United States Supreme Court.

On August 17, 2010, an attorney with Prisoner Legal Services filed a notice of appearance of counsel in the Superior Court of Buncombe County stating that she was investigating claims for post-conviction relief in Petitioner's case. (Id. at Ex. 14). On

September 8, 2010, Petitioner filed a *pro se* Motion for Appropriate Relief ("MAR") in the Superior Court of Buncombe County. (Id. at Ex. 15). On September 24, 2010, the MAR court denied the MAR on procedural grounds, ruling that because he was represented by counsel, Petitioner could not file an MAR on his own behalf. (Id. at Ex. 16).

Petitioner filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court on October 5, 2010. (Doc. No. 1). He contemporaneously filed a motion to hold his habeas petition in abeyance to allow him to fully exhaust his claims in state court. (Doc. No. 3). In his abeyance motion, Petitioner explained that he had filed his habeas petition to protect his claims against the one-year statute of limitations mandated by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), 28 U.S.C § 2244(d)(1). Petitioner neglected to sign his motion, however. See Fed. R. Civ. P. 11(a) (requiring that every motion be signed by the party filing the motion, if that party is unrepresented).

The Court ordered the State to file a response to the habeas petition. (Doc. No. 5). By separate order, the Court ordered that Petitioner's abeyance motion be returned to him so that he could sign it. (Doc. No. 6). The Court warned Petitioner that the motion would be struck if he did not return it, signed, within 20 days. (Id.).

The State filed a Response (Doc. No. 7) and a Motion to Dismiss on the ground that Petitioner's habeas petition was time-barred under AEDPA (Doc. No. 8).[1] The Court entered an Order pursuant to Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), giving Petitioner 15 days in which to file a response explaining why his habeas petition should not be dismissed as untimely. (Doc. No. 14). Petitioner responded on February 4, 2011, and provided evidence that his habeas

---

[1] The State also filed a Motion for Summary Judgment to be pled in the event that the Court determined that Petitioner's habeas petition was not time-barred. (Doc. No. 9).

petition was timely. (Doc. No. 16). On February 8, 2011, the State filed a Reply, conceding that on the evidence provided by Petitioner in his Response, his habeas petition was timely-filed (Doc. No. 19). Cf. Rouse v. Lee, 339 F.3d 238, 243 (4th Cir. 2003) (noting that the statute of limitations mandated by AEDPA is tolled from the initial, properly-filed application for State post-conviction relief through final disposition by the highest state court with jurisdiction to review the claims) (citation and quote omitted).

On February 11, 2011, the Court issued an Order in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), notifying Petitioner of his right to respond to the State's Motion for Summary Judgment (Doc. No. 9). (Doc. No. 23). Petitioner responded on February 24, 2011 (Doc. No. 26) and filed a "Motion To Release the § 28 U.S.C. § 2254 Habeas Corpus Petition From Abeyance" (Doc. No. 25). Included with the Motion was a copy of the North Carolina Court of Appeals' order denying discretionary review of Petitioner post-conviction claims for relief. (Id. at 3).

On March 7, 2011, the Court struck Petitioner's October 5, 2011 abeyance motion (Doc. No. 3) because he had failed to sign and return it as ordered by the Court. (Doc. No. 27). Noting that no stay of Petitioner's federal habeas proceedings was in place, the Court also dismissed Petitioner's "Motion To Release the § 28 U.S.C. § 2254 Habeas Corpus Petition From Abeyance" (Doc. No. 25). (Doc. No. 27 at 2).

On March 10, 2011, Petitioner filed the instant Motion for Reconsideration (Doc. No. 28), Motion to Amend (Doc. No. 29), and Motion to Submit Documents (Doc. No. 29). In his Motion for Reconsideration, Petitioner requests that the Court grant the previously filed abeyance motion and the motion to release his habeas petition from abeyance. (Doc. No. 28). Petitioner asserts that he complied with the Court's Order requiring him to sign the abeyance

3

motion and return it to the Court. In his Motion to Amend, Petitioner seeks to incorporate the signature in his motion to amend in his abeyance motion. (Doc. No. 29). In his Motion to Submit Documents, Petitioner seeks to add documents to the record that purportedly show that he placed the signed abeyance motion in the prison mail box on January 14, 2011.

## II.     DISCUSSION

Rule 60(b)(1) of the Federal Rules of Civil Procedure provides relief from a final judgment or order upon a showing of "mistake, inadvertence, surprise, or excusable neglect." Because the Court relied upon a factual error in striking Petitioner's motion to hold his habeas petition in abeyance (Doc. No. 3), Petitioner's Motion for Reconsideration shall be granted in part. His motion otherwise shall be denied.

In its March 7, 2011 Order, the Court erred when it found that Petitioner had not filed an abeyance motion that complied with Rule 11(a) of the Federal Rules of Civil Procedure. (Doc. No. 27). The docket shows that on February 7, 2011, Petitioner's unsigned abeyance motion was replaced with a signed, but otherwise identical, abeyance motion. (Doc. No. 3 (replacement), entered on 2/7/2011). No electronic notice of filing was generated for this event; nor is there a separate docket entry noting when the replacement was received by the Clerk of Court. Nevertheless, because the signed abeyance motion was received in the Clerk of Court's Office prior to the Court's March 7, 2011 Order, Petitioner's motion to reconsider striking the abeyance motion shall be granted, and the motion shall be reinstated in the docket.[2]

---

[2]Because the Court will reinstate Petitioner's motion to hold his habeas petition in abeyance, Petitioner's Motion to Amend the abeyance motion (Doc. No. 29) is moot and shall be dismissed. Petitioner's Motion to Submit Documents (Doc. No. 30), on the other hand, supports Petitioner's assertions to the Court that he returned the signed motion to hold his habeas petition in abeyance well within the time set by the Court. It, therefore, will be granted.

Petitioner's request that the Court reconsider its dismissal of his "Motion To Release the § 28 U.S.C. § 2254 Habeas Corpus Petition From Abeyance" (Doc. No. 25), will be denied, however. As the Court found, Petitioner's abeyance motion had not been granted.. (Doc. No. 27 at 2). Therefore, dismissal was warranted.

Furthermore, Petitioner's motion to hold his habeas petition in abeyance is now moot. The stated reason for requesting a stay in his federal habeas proceedings was to allow Petitioner to exhaust his claims in state court. (Doc. No. 3 (replacement), entered on 2/7/2011). To fully exhaust a claim, it must be presented to the highest state court with jurisdiction to review it. Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000). Petitioner presented his post-conviction claims to the highest state court with jurisdiction to review them when he filed his petition for writ of certiorari in the North Carolina Court of Appeals. See Caldwell v. Wood, No. 3:07cv41, 2010 WL 5441670, at *11 (W.D.N.C. Dec. 28, 2010) (citing N.C. Gen. Stat. § 7A-31 and N.C. Gen. Stat. § 15A-1422). Therefore, there is no reason to hold Petitioner's federal habeas petition in abeyance, and his motion will be denied.

### III. ORDER

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion for Reconsideration (Doc. No. 28) is **GRANTED** in part and **DENIED** part;

2. The Clerk of Court shall reinstate Petitioner's "Motion to Hold Federal Habeas Proceedings in Abeyance" (Doc. No. 3 (replacement), entered on 2/7/2011) in the docket;

3. Petitioner's "Motion to Hold Federal Habeas Proceedings in Abeyance" (Doc. No. 3 (replacement), entered on 2/7/2011) is **DISMISSED** as moot;

4. Petitioner's Motion to Amend (Doc. No. 29) is **DISMISSED** as moot; and

5. Petitioner's Motion to Submit Documents (Doc. No. 30) is **GRANTED**.

**SO ORDERED**.

Signed: September 21, 2011

Robert J. Conrad, Jr.
Chief United States District Judge