# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:10cv222-RJC

| | |
|---|---|
| KASEAN DAMONT BRYSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| SIDNEY HARKLEROAD, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court upon Respondent's Motion to Dismiss Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus as untimely. (Doc. No. 8).

A review of the record reflects that on November 15, 2007, Petitioner was convicted in the Superior Court of Buncombe County of first degree murder, possession of a firearm by a felon, and two counts of assault with a deadly weapon. State v. Bryson, 672 S.E.2d 782 (N.C. Ct. App. 2009) (unpublished table decision). He appealed, and on February 3, 2009, the North Carolina Court of Appeals issued an opinion finding no prejudicial error. Id. On June 17, 2009, the North Carolina Supreme Court denied discretionary review. State v. Bryson, 679 S.E.2d 135 (N.C. 2009). Petitioner did not petition for discretionary review in the United States Supreme Court.

On August 17, 2010, an attorney with Prisoner Legal Services filed a notice of appearance of counsel in the Superior Court of Buncombe County stating that she was investigating claims for post-conviction relief in Petitioner's case. (Doc. No. 10-14). On September 8, 2010, Petitioner filed a *pro se* Motion for Appropriate Relief ("MAR") in the

Superior Court of Buncombe County. (Doc. No. 10-15). On September 24, 2010, the MAR court denied the MAR on procedural grounds, ruling that because he was represented by counsel, Petitioner could not file an MAR on his own behalf. (Doc. No. 10-16).

Petitioner filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court on October 5, 2010. (Doc. No. 1). The State filed a response (Doc. No. 7) and a motion to dismiss, arguing that the habeas petition was time-barred under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244. (Doc. No. 8).[1]

The Court entered an Order pursuant to Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), giving Petitioner 15 days to file a response explaining why his habeas petition should not be dismissed as untimely. (Doc. No. 14). Petitioner responded on February 4, 2011, and provided evidence that his habeas petition was timely filed under § 2244(d)(1). (Doc. No. 16). On February 8, 2011, the State filed a Reply, conceding that on the evidence provided by Petitioner in his Response, his habeas petition was timely under § 2244(d)(1). (Doc. No. 19). The State also withdrew its statute of limitations defense. (Id. at 3).

The Court has reviewed the state court record in this case, and agrees with Petitioner and the State that Petitioner's § 2254 habeas petition was timely-filed under 28 U.S.C. § 2244(d)(1). The State's Motion to Dismiss will itself be dismissed as moot in light of the State's concession of timeliness and its withdrawal of its statute of limitations defense.

**IT IS, THEREFORE, ORDERED** that the State's Motion to Dismiss (Doc. No. 8) is **DISMISSED** as moot.

---

[1] The State also filed a Motion for Summary Judgment to be pled in the event that the Court determined that Petitioner's habeas petition was not time-barred. (Doc. No. 9).

**SO ORDERED**.

Signed: September 21, 2011

Robert J. Conrad, Jr.
Chief United States District Judge